1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD D. HOLT, JR.,                    No.  1:23-cv-00312-SKO (HC)

12                    Petitioner,              **ORDER DIRECTING CLERK OF COURT
                                               TO ASSIGN DISTRICT JUDGE**
13          v.
                                               **FINDINGS AND RECOMMENDATION
14                                             TO SUMMARILY DISMISS
      GAVIN NEWSOME,                           UNEXHAUSTED PETITION**
15
                    Respondent.                **[TWENTY-ONE DAY OBJECTION
16                                             DEADLINE]**

17

18          Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for

19   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant habeas petition on

20   February 27, 2023, challenging the placement of a "P" code on his records.  Upon review of the

21   petition, the Court finds that Petitioner has failed to exhaust state remedies and has failed to

22   present a cognizable claim for relief.  Therefore, the Court will recommend the petition be

23   DISMISSED.

24                                      **DISCUSSION**

25   A.     Preliminary Review of Petition

26          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

27   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

28   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

2   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

3   dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.

4   2001).

5   B.   Exhaustion

6        A petitioner who is in state custody and wishes to collaterally challenge his conviction by

7   a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).

8   The exhaustion doctrine is based on comity to the state court and gives the state court the initial

9   opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501

10   U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982).

11        A petitioner can satisfy the exhaustion requirement by providing the highest state court

12   with a full and fair opportunity to consider each claim before presenting it to the federal court.

13   <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court

14   was given a full and fair opportunity to hear a claim if the petitioner has presented the highest

15   state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney</u>

16   <u>v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

17        Additionally, the petitioner must have specifically told the state court that he was raising a

18   federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66. In <u>Duncan</u>, the United States Supreme

19   Court reiterated the rule as follows:

20        In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
        remedies requires that petitioners "fairly presen[t]" federal claims to the state courts
21        in order to give the State the "opportunity to pass upon and correct alleged violations
        of the prisoners' federal rights" (some internal quotation marks omitted). If state
22        courts are to be given the opportunity to correct alleged violations of prisoners'
        federal rights, they must surely be alerted to the fact that the prisoners are asserting
23        claims under the United States Constitution. If a habeas petitioner wishes to claim
        that an evidentiary ruling at a state court trial denied him the due process of law
24        guaranteed by the Fourteenth Amendment, he must say so, not only in federal court,
        but in state court.
25

26   <u>Duncan</u>, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

27        Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his
        federal claims in state court *unless he specifically indicated to that court that those*
28        *claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88

                                                    2

(9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner indicates he sought and was granted relief in the San Bernardino County Superior Court. He claims that prison authorities are not abiding by the superior court's order. Petitioner is advised that the proper avenue for relief is either in the San Bernardino County Superior Court, which issued the order, or the California Court of Appeal for the Fourth District, which is the appellate court for the San Bernardino County Superior Court. Before presenting his claims to this Court, Petitioner must present his claims to the state courts, including the California Supreme Court. Because Petitioner has not presented his claims to the appropriate state courts, the Court must dismiss the petition. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001). The Court cannot consider a petition that is entirely unexhausted. <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22 (1982).

C.      Failure to State a Claim

Petitioner claims that prison authorities have wrongfully placed a "P" code on his records for a charge that was dismissed. He claims that the "P" code prevents him from lower-level security facilities, camps, and programs.

A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499.

3

In <u>Nettles v. Grounds</u>, 830 F.3d 922, 1006 (9th Cir. 2016), the Ninth Circuit held that a district court had jurisdiction to consider a prison gang validation determination if success on the merits would result in a quantum change in the level of custody. In <u>Nettles</u>, success on the petitioner's claim would result in his immediate release from the SHU to the general prison population. <u>Id</u>. The Ninth Circuit found that the petitioner's release from the SHU to general population "can fairly be described as a quantum change in the level of custody." <u>Id</u>. (quoting <u>Graham v. Broglin,</u> 922 F.2d 379, 381 (7th Cir. 1991)).

Here, Petitioner generally claims that the affixing of a "P" code to his records prevents him from being in lower-level security facilities. Petitioner does not support his claim with sufficient specific facts. He does not state that removal of the "P" code would result in a quantum change in the level of custody. Thus, the petition only challenges the conditions of his confinement and does not present a habeas claim. Normally, the Court would grant Petitioner leave to amend to state sufficient facts to present a claim; however, as noted above the petition must be dismissed as unexhausted. The Court will therefore recommend that the petition be dismissed without prejudice without leave to file an amended petition.

## ORDER

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED WITHOUT PREJUDICE for lack of exhaustion and failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28

/////

4

U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 3, 2023**                              _/s/ Sheila K. Oberto_
                                                         UNITED STATES MAGISTRATE JUDGE

5