1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD D. HOLT, JR.,                    No.  1:23-cv-00312-ADA-SKO (HC)

12              Petitioner,                    ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS
13                                            (ECF No. 6)

14        v.                                  ORDER DISMISSING PETITION FOR WRIT
                                              OF HABEAS CORPUS
15
                                              ORDER DIRECTING CLERK OF COURT TO
16                                            ENTER JUDGMENT AND CLOSE CASE

17   GAVIN NEWSOME,                           ORDER DECLINING TO ISSUE
              Respondent.                      CERTIFICATE OF APPEALABILITY
18

19

20

21        Petitioner Richard D. Holt, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis*

22   with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred

23   to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

24        On March 3, 2023, the assigned magistrate judge issued findings and recommendations to

25   dismiss the petition for failure to exhaust state remedies and for failure to state a cognizable

26   claim.  (ECF No. 6.)  Those findings and recommendations were served upon all parties and

27   contained notice that any objections thereto were to be filed within twenty-one (21) days after

28   service.  On March 27, 2023, petitioner filed objections to the findings and recommendations.

                                              1

1    (ECF No. 8.)

2    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a

3    *de novo* review of the case.  In his objections, Petitioner contends that the court has jurisdiction to

4    consider his claims, because the "P" suffix prevents him from being placed in minimum custody

5    and camp eligibility. (ECF No. 8 at 2.) Petitioner argues that this placement affects his earliest

6    possible release date. (*Id.*)  Petitioner's claim is speculative and conclusory.  He does not state

7    how his earliest possible release date has been affected, nor does he show that success on his

8    claim will in fact result in an earlier release.

9    Moreover, Petitioner has failed to exhaust his state remedies.  Petitioner complains that

10   prison authorities have failed to abide by the San Bernardino County Superior Court's order.  As

11   noted by the magistrate judge, Petitioner's complaint should be directed to the San Bernardino

12   County Superior Court, as that is the court that issued the order that prison authorities are

13   allegedly failing to follow, or the California Court of Appeal for the Fourth District, which is the

14   appellate court for the San Bernardino County Superior Court.  (ECF No. 6 at 3.) The exhaustion

15   doctrine requires that Petitioner present his claims to the state courts, including the California

16   Supreme Court, prior to coming to federal court.  (*Id.*) Petitioner has not done so, and the petition

17   must be dismissed.  *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

18   In addition, the Court declines to issue a certificate of appealability.  A state prisoner

19   seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of

20   his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537

21   U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of

22   appealability is 28 U.S.C. § 2253, which provides as follows:

23
24   (a)     In a habeas corpus proceeding or a proceeding under section 2255 before a
         district judge, the final order shall be subject to review, on appeal, by the court of
         appeals for the circuit in which the proceeding is held.

25
26   (b)     There shall be no right of appeal from a final order in a proceeding to test
         the validity of a warrant to remove to another district or place for commitment or
         trial a person charged with a criminal offense against the United States, or to test
27       the validity of such person's detention pending removal proceedings.

28   (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
         appeal may not be taken to the court of appeals from—

2

1

2
        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

3

4
        (B) the final order in a proceeding under section 2255.

5
    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

6

7
    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

8
      If a court denies a petitioner's petition, the court may only issue a certificate of

9
appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

10
28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that

11
"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

12
been resolved in a different manner or that the issues presented were 'adequate to deserve

13
encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting

14
*Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

15
      In the present case, the court finds that petitioner has not made the required substantial

16
showing of the denial of a constitutional right to justify the issuance of a certificate of

17
appealability.  Reasonable jurists would not find the court's determination that petitioner is not

18
entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to

19
proceed further.  Thus, the court declines to issue a certificate of appealability.

20
/////

21
/////

22
/////

23
/////

24
/////

25
/////

26
/////

27
/////

28
/////

3

1                                          **ORDER**

2       Accordingly,

3     1.      The findings and recommendations issued on March 3, 2023, (ECF No. 6), are

4           adopted in full;

5     2.      The petition for writ of habeas corpus is dismissed without prejudice;

6     3.      The clerk of court is directed to enter judgment and close the case; and

7     4.      The court declines to issue a certificate of appealability.

8       This order terminates the action in its entirety.

9

10

11 IT IS SO ORDERED.

12   Dated:   May 30, 2023                           

13                                             UNITED STATES DISTRICT JUDGE